IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNEDY SMITH, #362092 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. ELH-14-1475 |
| CRAIG TAWES (AGENT OF P & P) | * | |
| Defendant. | | |
| | ***** | |

MEMORANDUM

On May 1, 2014, the court received for filing the above-captioned civil rights action submitted by Maryland Division of Correction inmate Kennedy Smith, pursuant to 42 U.S.C. § 1983. Smith complains that defendant, an agent for the Department of Parole and Probation in Princess Anne, Maryland, slandered him by labeling him as a "sex offender" on two 2014 parole warrants. He states that he was never convicted of sex offenses. ECF No. 1. Smith seeks compensatory damages of $150,000.00 for alleged "defamation of character" and asks that "Parole and Probation stop labeling me as a sex offender." *Id*. Because he appears indigent, Smith shall be granted leave to proceed in forma pauperis. *See* ECF No. 2. His complaint shall, however, be summarily dismissed.

Insofar as Smith has raised an allegation of slander, he has failed to state a claim under § 1983. The decision of the Supreme Court in *Paul v. Davis,* 424 U.S. 693 (1976) is dispositive here. In that case, the Supreme Court discussed at some length the limits of a protected liberty interest and held that a plaintiff may not rely on defamatory statements as the basis for a due process claim asserted under § 1983. Harm or injury to a plaintiff's interest to his reputation does not result in the deprivation by a state of a plaintiff's due process "liberty" or "property" interests. *Id*. at 712.

In this case, it is apparent that Smith is seeking damages and other relief primarily because his reputation was allegedly damaged by public disclosures. Under *Paul*, a claim of this sort is not

maintainable under § 1983. *See also Siegert v. Gilley*, 500 U.S. 226, 233 (1991).  An action for damages to reputation "lies...in the tort of defamation, not in 42 U.S.C. § 1983." *Fleming v. Dep't of Public Safety*, 837 F.2d 401, 409 (9th Cir. 1988).

Because Smith's prisoner civil rights case fails to state a claim and is premised on an "indisputably meritless legal theory," his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[1] He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[2] This constitutes the first § 1915(e) strike to be assessed against Smith.  A separate Order follows.

Date: May 7, 2014.

                                               /s/
                                 Ellen Lipton Hollander
                                 United States District Judge

---

[1] 28 U.S.C. § 1915(e)(2) states:

    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A)  the allegation of poverty is untrue; or
    (B)  the action or appeal--
    (i)  is frivolous or malicious;
    (ii)  fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915(g) states as follows:

    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.